### HUTTO v. SOUTHERN RAILWAY.

1. JURY.—That lists from which names to fill jury box was made up by Supervisor and not by Jury Commissioners, but was canvassed and revised by them in January instead of December, as provided by act of 1902, is a mere irregularity not sufficient to vitiate the panel.
2. LIABILITY FOR BAGGAGE CARRIED ON FREE PASS.—As the jury were instructed that the carrier could contract with passenger to carry himself and baggage gratuitously and without liability to company for its loss, except for wilful misconduct, there is no ground for this Court to inquire whether a contract of gratuitous carriage of passenger and baggage, with exemption of company from liability in case of loss, would exempt company from liability from loss by negligence.


Before PURDY, J., Barnwell, Fall Term, 1905. Affirmed.

Action by Rosa Hutto against Southern Railway Co. From judgment for plaintiff, defendant appeals.

*Mr. Robert Aldrich,* for appellant, cites: *Provisions of jury law should be strictly followed:* 69 S. C., 494; 12 Ency., 330; 29 La. An., 822; 30 Md., 163; 11 S. C., 349; 15 Rich., 42; 2 Rich., 535; 5 Ency., 624. *Conditions on free pass exempting company from liability for damage is binding on passenger:* 25 Ency., 1096.

*Messrs. E. T. LaFitte* and *J. F. Carter,* contra, cite: *Defendant was not prejudiced by irregularity in drawing jury:* 68 S. C., 500; Act 1902, 1066; 23 Ency., 1 ed., 153; 2 Hill, 379. *Carrier cannot contract against wilful and wanton*

*negligence:* 2 Add. on Con., 2 Morgan's Ed., 673, 675; 2 Ency., 1 ed., 54; 36 S. C., 611; 192 U. S., 444.

October 15, 1906. The opinion of the Court was delivered by

Mr. Justice Jones. . The plaintiff brought this action to recover damages for the loss of a trunk and contents delivered to defendant as baggage on June 20, 1905, when she became a passenger on defendant's train from Denmark, in Barnwell County, to Calhoun, in Pickens County, and recovered judgment from which defendant appeals.

After interposing a demurrer to the complaint for insufficiency, which was overruled, defendant challenged the whole array of jurors drawn for the term on the ground that the list from which the names were taken to be placed in the jury box was prepared by Mr. E. C. Bruce, the supervisor, and not by the jury commissioners, composed of the county auditor, county treasurer and clerk of Court, as provided in the jury law of 1902. After taking testimony on the point, Judge Purdy overruled the objection, under the authority of *Rhodes* v. *Southern Ry. Co.,* 68 S. C., 494, 47 S. E., 689. The testimony developing that the list was made up about the first of January or early in January, instead of in December, as prescribed by the act, this fact was also urged as an objection to the array, but was also overruled under the principle of said case as a mere irregularity not sufficient to vitiate the drawing of the jury.

Appellant's first exception questions these rulings. We approve the ruling of the Circuit Court. The evidence shows that while the supervisor did prepare a list of names for the jury commissioners, the jury commissioners carefully revised the same and made a selection from which the jury box was made up. The Rhodes case, to which reference has been made, decides that the fact that the clerk of the board of county commissioners prepared a list of the electors from the tax books, which was canvassed and revised by the proper officers, was a mere irregularity

and, therefore, an insufficient ground for quashing the array of jurors. In the same case it was held that leaving the list in the clerk's office and not in the jury box, as required by statute, and the fact that there were two lists instead of one, are mere irregularities. In *State* v. *Smalls,* 73 S. C., 519, it was again declared that the statutes which prescribed the time and manner of selecting jurors are usually regarded as directory, and hence there was not a fatal defect in drawing grand and petit jurors, to assign as grand jurors those regarded to be best qualified for grand jury duty and leaving the others drawn for the petit jurors, although the statute prescribed that "the persons whose names are first drawn, to the number required, shall be returned as grand jurors, and those afterwards drawn, to the number required, shall be jurors for trials." There is no suggestion in this case that the jurors selected were not good and lawful men qualified to sit as jurors, or that defendant's rights were in any wise injured or prejudiced by any conduct of the jury commissioners. The foregoing covers all the specifications of error as to matters brought to the attention of the Circuit Court and ruled upon, and hence the first exception is overruled.

The defendant alleged as a defense, and introduced evidence to prove, that plaintiff was not a passenger for 2 hire, and that she and her baggage were being transported on a "free pass," bestowed as a gratuity upon a special agreement printed on the pass, as follows:

"The person accepting this pass agrees that the Southern Railway Company shall not be liable under any circumstances, whether by negligence of agents or otherwise, for any loss or damage to the property of the person using the same."

Appellant's second exception alleges that the Court erred in refusing to instruct the jury that the plaintiff, under the terms and conditions of the pass upon which she was traveling, waived all right to recover for loss of property. At the request of appellant, the Circuit Judge charged the jury that if said baggage was carried without compensation, the appel-

lant could only be liable as a gratuitous bailee, that is, for a failure to exercise slight care, or could only be answerable for gross neglect or bad faith. The jury were further instructed in these words: "The railroad company could stipulate upon what terms it would receive her gratuitously, upon what terms they would receive her with her trunk gratuitously, and if she entered upon that contract she was bound by it, except that having received her, and if it received her property, her trunk, then it would not be liable, unless it be shown that the railroad company was guilty of wilful or wanton misconduct towards her, or showed a reckless disregard of her rights." It seems to us, therefore, that the Circuit Court instructed the jury somewhat more favorably for defendant than it contended for, and quite as favorably as any view of the authorities on this subject could possibly permit. Under the charge the defendant was exonerated from all liability for loss of baggage carried gratuitously under the special contract mentioned, even though the loss resulted from the negligence of the defendant, whether ordinary or gross, unless so gross as to show a wanton or wilful disregard of plaintiff's rights. There is some conflict among the authorities in the various jurisdictions as to whether such a contract as applied to a passenger injured by ordinary negligence, while traveling on a strictly gratuitous pass, is a protection to the company. The Supreme Court of the United States, in *Northern Pacific Railway* v. *Adams,* 24 Sup. Ct. Rep., 410 (citing cases), (which was affirmed in *Boering* v. *Chesapeake Beach R. R. Co.,* 24 Sup. Ct. Rep., 515), takes the view that such a contract by a passenger traveling gratuitously protects the company from injuries resulting from ordinary negligence; but no case has been cited, and we have discovered none, which holds that such a contract would protect a carrier from the consequences of its wanton and wilful disregard of duty. A railroad company owes it to a bald trespasser to do him no wilful injury, and to a mere licensee it owes the duty of exercising ordinary care. It would be contrary to public

policy to sustain a contract in so far as it sought to exempt for wilful misconduct. We have not referred to the case of *Nickles* v. *Seaboard Air Line Ry.,* 74 S. C., 102, as the Court held that the pass under consideration was not strictly a free pass. As the case before us does not call for our determination whether such a contract by a gratuitous passenger would exempt the company from negligence, we refrain from expressing an opinion on that point. We merely hold that appellant has no ground for complaint, as the charge exempted from liability except in cases of wilful misconduct.

The judgment of the Circuit Court is affirmed.