6569

## STATE v. SMITH.

1. JURORS.—Under the act of 1902, 23 stat., 1066, if either one of jury commissioners—the County Auditor, Treasurer or Clerk of Court —cannot be present at drawing of jury, the County Superintendent of Education shall act in his place.

2. IBID.—Under this act, providing three separate and distinct locks, shall be put on the jury box, each lock having a special key which shall not open another lock, each key to be kept by a specified officer, it is not fatal to the venire, but an irregularity, that one key should open two locks, one being absent, but all the members of the board should be present and participate in drawing a special venire.

Before GARY, J., Hampton, June term, 1906.   Affirmed.

Indictment against Morgan Smith for murder.   From sentence, defendant appeals.

*Messrs. W. S. Smith* and *Lawson D. Melton,* for appellant.

*Solicitor Jas. E. Davis,* contra.

June 29, 1907.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   At the June term, 1906, of the Court of General Sessions for Hampton County, the appellant was convicted of murder with recommendation to mercy, and he now seeks to reverse the judgment thereon on the ground that the Court erred in refusing his motion to quash the *venire.*   The motion was made on two grounds: (1) That the jury was irregularly drawn in that a special order was issued directing the clerk of the Court, county auditor and county treasurer to draw the jury, whereas the auditor was absent at the drawing and the superintendent of education acted in his place; (2) that the jury box was not prepared and kept in accordance with section 2912, vol. 1, Code of Laws, 1902, in that the three locks were opened with two keys, one key opening two of the locks.   The Circuit Court overruled the motion, holding that there was no proof of any misconduct on the part of the jury commissioners, and that the second objection presented a mere irregularity.

The appellant by his exception renews these objections in this Court.   The first objection presents no difficulty.   Section 2909, vol. 1, Code of Laws, approved February 6, 1902, provided that the county auditor, county treasurer and the clerk of the Court shall constitute the board of jury commissioners, and further provided that in case any member of the board fails to attend for the purpose of drawing a jury, a majority of the board may act.   Under

the terms of that section, as adopted, the absence of the auditor could not vitiate the action of a majority present and acting. *State* v. *Merriman,* 34 S. C., 30, 12 S. E., 619. But on February 7, 1902, a statute was approved relating to the selection, drawing and summoning of jurors, 23 Stat., 1066, which in section 18 expressly provides that if either the county auditor, county treasurer or clerk of the Court shall for any cause be unable to attend the drawing of the jury, the superintendent of education shall act in his place.

The second objection is more serious, for we fully appreciate the very great importance of preserving the sanctity of the jury box and the danger involved in tolerating any departure from the precautions which the legislature has prescribed to safeguard it from improper manipulation. The language of section 2912 on the subject as originally adopted was: "The jury box shall be provided with three locks, each different. The key to one lock shall be kept by the clerk of the Court of Common Pleas, one by the auditor and one by the treasurer, so that no two of said commissioners shall hold keys to the same lock." The act of February 7, 1902, provides as follows: "The said jury box shall be kept securely locked with three separate and strong locks, each lock being different and distinct from the other two and requiring one key peculiar to itself in order to be unlocked, and the key to one of said three locks shall be kept by the county auditor himself, the key to another of said three locks by the county treasurer himself, and the key to the third of said three locks by the clerk of the Court of Common Pleas himself, so that no two of them shall keep a similar key or similar keys to the same lock, and so that all three of them must be present together at the same time and place in order to lock and unlock and open the said jury box."

The case states that "there were three keys, but one was absent, two keys only were there, one of which opened two of the said locks." This was certainly not in strict conformity with the statute, but the question is whether this

circumstance alone would vitiate the drawing of the jury. The Circuit Court has found that there is nothing to show misconduct on the part of the jury commissioners, and we find no suggestion that the jurors selected and drawn were not good and lawful men duly qualified to act as jurors, or that the appellant suffered any prejudice by any act or omission of the jury commissioners. Statutes which prescribe the time and manner of drawing jurors are directory, and a *venire* will not be quashed for mere irregularities. In the case of *Rhodes* v. *Southern Ry. Co.,* 68 S. C., 494, 47 S. E., 689, the preparation by the clerk of the board of county commissioners of a list of electors from the tax books which was afterwards canvassed and revised by the proper officers, leaving the jury list in the clerk's office instead of placing it in the jury box, as required by statute, the having of two such lists instead of one as required, were mere irregularities not sufficient to vitiate the *venire.* In *State* v. *Smalls,* 73 S. C., 519, 53 S. E., 976, it was held not to be a fatal defect in drawing grand and petit jurors to assign as grand jurors those regarded to be best qualified for grand jury duty, leaving the others drawn for the petit jurors, although the statute prescribed a different method. In *Hutto* v. *Southern Ry. Co.,* 75 S. C., 295, it was held not fatal to the *venire* that the jury commissioners should adopt a jury list prepared by the supervisor but canvassed and revised by them, in January, although the statute required that said list shall be prepared by the jury commissioners in December.

If the foregoing departures from the statute are mere irregularities, not fatal to the *venire,* then the mere fact that two locks on the jury box were opened by one key in the presence of all the officers charged with the duty of opening the box could not be a fatal defect.

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE POPE *concurs with reluctance.*