6927

### STATE v. NELSON.

DRAWING JURORS.—Under 23 Stat., 1066, and sec. 2909 of Code of 1902, if sheriff has no authority to assist county auditor and county treasurer in drawing jurors in absence of clerk of court and county superintendent of education, the jurors were properly drawn by the county auditor and the county treasurer. The presence and assistance of the sheriff in the drawing do not vitiate it in absence of suggestion of prejudice to appellant.

Before GAGE, J., Laurens, January, 1908. Affirmed.

Indictment against Teague Nelson for murder. From sentence on verdict of manslaughter, defendant appeals.

*Mr. T. C. Turner, Jr.,* for appellant, cites: 77 S. C., 250; Acts 1902, 1070.

*Solicitor R. A. Cooper,* contra, oral orgument.

June 27, 1908. The opinion of the Court was delivered by ·

MR. JUSTICE JONES. At the January term of the Court of General Sessions for Laurens county, the defendant was convicted of manslaughter and sentenced. When the case was called for trial, defendant's counsel moved to quash the indictment and also to quash the venire on the ground that

the grand and petit jurors were illegally drawn, in that the sheriff, without authority of law, assisted the county auditor and county treasurer in drawing said venire.    Judge Gage overruled the motion and the exceptions relate solely to this ruling.

The appellant having withdrawn the exception to the refusal to quash the indictment, the only inquiry is whether there was error in refusing to quash the venire.    It appears that the sheriff assisted the auditor and treasurer in drawing the grand and petit jurors for the term, because neither the clerk of the Court nor the superintendent of education was present or able to be present at the drawing, and the sheriff conceived it to be his duty to act in the absence of such officers.

The Act of 1902, 23 Stat., 1066, makes it the duty of the county auditor, county treasurer and clerk of the Common Pleas to draw the jurors, in the manner prescribed in said act, and in section 18 it is provided: "That in case there shall be a vacancy in the office of the clerk of the Court of Common Pleas, county auditor or county treasurer, at the time herein fixed for preparing said jury list, or for drawing a jury, or any one of said officers shall be disqualified or unable to serve for any cause, the county superintendent of education shall act in his place and stead, and in case there shall be a vacancy in two of said offices, or for any other cause, two of said officers shall be unable to serve, the county superintendent of education and the sheriff of such county shall act in their places and stead."

Under a strict and literal interpretation of this statute the sheriff is eligible to act in the premises only in the event two of the offices of the county auditor, county treasurer and clerk of the Court are vacant or two of the said officers are unable to serve, a condition which did not exist in this case, as only the clerk of Court was unable to serve.    The statute fails to make any express provision to substitute the sheriff in the event the superintendent of education is unable to

serve. Perhaps it would not go counter to the spirit and purpose of the statute to take the view that the sheriff was eligible to fill any vacancy occurring which the superintendent was unable to fill. We will, however, assume that the statutory condition of eligibility of the sheriff to serve did not exist. His action, in connection with the other officers designated by law, was in good faith under a mistaken construction of his duty under the statute, and there is no suggestion that the jurors drawn were not good and lawful men duly qualified to act as jurors, nor is there any suggestion that appellant has been prejudiced by any act or omission of the jury commissioners as the result of the sheriff's presence and assistance in drawing the jurors.

Assuming it to be true that the statute fails to provide for the emergency presented in this case, still the jurors were drawn by the county auditor and county treasurer, who constitute a quorum of the officers appointed by law to perform that duty. Sec. 2909, Vol. I, Code of Laws, approved February 6, 1902, after providing that the county auditor, the county treasurer and clerk of the Court shall constitute the board of jury commissioners, declared that in case any member of a board of jury commissioners fails to attend for the purpose of drawing a jury, a majority of the board may act.

In this particular, section 2909 is not inconsistent with the act *supra* approved Februry 7, 1902, and is not repealed by it. So that the mere absence of the clerk of the Court or the superintendent of education could not vitiate the drawing of the jury. *State* v. *Merriman,* 34 S. C., 30, 12 S. E., 619; *State* v. *Smith,* 77 S. C., 250, 57 S. E., 868

Nor do we think the presence and assistance of the sheriff in the drawing of the jury can have the effect to vitiate the venire in the absence of a showing that the drawing was not properly done by those officers who are charged by law with that duty.

The judgment of the Circuit Court is affirmed.