April 9, 1909. The opinion of the Court was delivered by
The defendant, Marsh Washington, was convicted of murder and sentenced to be hanged at the June term, 1908, of the General Sessions for Greenwood county, Hon. J.C. Klugh, presiding Judge.
Defendant's counsel, before sentence, moved in arrest of judgment on the ground that the venire facias for jurors *Page 342 
was void, which motion was overruled, and this ruling is the only question for review,
The writ was as follows:
"Venire
"The State of South Carolina.
"To the sheriff of said county, greeting:
"You are hereby strictly required and commanded to serve upon T.C. Turner, C.C.C.P., J.A. Marshall, Treasurer, and J.D. Watson, Auditor, Esqs., 36 good and lawful men whom you shall immediately thereafter summons to be and appear before the Court of Common Pleas and General Sessions for the county aforesaid to be holden at Greenwood on the 22d day of June, next, at 10 o'clock in the forenoon, to serve as petit jurors.
"Herein fail not on the pain of the penalties that will fall thereon.
"Witness T.C. Turner, clerk of the said Court, at Greenwood, this 12th day of June, A.D. 1908, and in the one hundred and thirty-second year of the sovereignty and independence of the United States of America.
 "T.C. TURNER, (Seal) "Clerk C.C.P. and G.S."
Then follows the list of the names of the jurors.
The following is the certificate of the jury commissioners:
"We, T.C. Turner, C.C.C.P., J.A. Marshall, Treasurer, and J.D. Watson, Auditor, jury commissioners for said county of , State of South Carolina, certify that on the 12th day of June, A.D. 1908, the names in the panel above were drawn from the jury box, in accordance with the law in such case made and provided, and in obedience to the foregoing writ of venire facias.
"Done at Greenwood, this 13th day of June, A.D. 1908.
 T.C. TURNER, C.C.C.P., J.D. WATSON, Auditor, J.A. MARSHALL, Co. Treas." *Page 343 
The following is the sheriff's return:
"I solemnly swear that I have summoned each of the above named jury by depositing in the postoffice a summons, sealed and directed to their postoffice with the letter, having a two-cent stamp on it.
T.W. McMILLAN, S.G.C."
This form of writ and certificate of jury commissioners is exactly like the form in use in many counties except that between the word "Esquires" and "36 good and lawful men," there was omitted the words "jury commissioners of the said county, this writ of venire requiring them, the said jury commissioners, to draw and annex to the panel of this writ as provided by law the names of."
The objections to the writ were, (1) that the omission of said words was fatal; (2) that as the writ appears, it commands the sheriff to do an impossible thing, viz., to serve upon the officers named 36 good and lawful men; (3) that it appears the writ did not issue fifteen days before the commencement of the term of the Court which rendered the verdict; (4) that the writ required summoning of jurors for June term, 1909, as the writ dated June 13th, 1908, summoned jurors to attend at Court to be held on the 22d day of June, next; (5) that the defects were not cured by the certificate of the jury commissioners.
We think the Circuit Court was correct in overruling the motion and in holding that the writ is not void. It runs in the name of the State, is addressed to the sheriff under the seal of the Court, is signed by the clerk of the Court, commands the sheriff to summon the persons named to attend the Court of Common Pleas and General Sessions as petit jurors at a proper time and place. The word "next" as used in the writ may fairly be construed as referring to the day of the month, and as meaning the next 22d day of June at 10 o'clock in the forenoon. 5 Words and Phrases, 4795. This is especially true since the "next" ensuing regular term of Court after the issuing of the writ *Page 344 
was the fourth Monday (22d day) in June, 1908. Act, Feb. 24, 1908, 25 Stat., 1016.
As the objection that the clerk did not issue the writ of venire fifteen days before the commencement of a regular term of Court as required by sec. 2913, Civil Code, it is sufficient to say that Greenwood county falls within the provisions of section 2930, Civil Code, which provides for the drawing of jurors by the jury commissioners not less than ten nor more than twenty days before the first day of each week of any regular or special term of the Circuit Court, and the clerk of the Court is required to issue the venire immediately after such drawing. As the drawing of the jurors took place on the 12th day of June and the writ of venire was issued on that day, the time was not less than ten days before the Court which commenced on the 22d day of June. The existence of the special provision for Greenwood county, no doubt accounts for the attempt to correct the printed form framed to meet the requirements of sections 2913 and 2914, which contemplated that the clerk of the Court should issue the writ of venire and have it served on the jury commissioners previous to the drawing of the jury by them. The writ was a substantial compliance with the provisions of sec. 2930.
We have attempted to show that the writ is not fatally defective in any of the particulars alleged. We might add that section 2947 provides:
"No irregularity in any writ of venire facias or in the drawing, summoning, returning or empaneling of jurors, shall be sufficient to set aside the verdict, unless the party making the objection was injured by the irregularity, or unless the objection was made before the returning of the verdict."
There is no showing that the objection urged could not have been made before the returning of the verdict by the exercise of due diligence, and no showing that the jurors drawn were not good and lawful men and no showing that *Page 345 
appellant was in any way injured by the alleged irregularities.
Statutes prescribing the time and manner of selecting jurors are usually regarded as directory merely and venires will not be quashed for mere irregularities. State v. Smalls,73 S.C. 519, 53 S.E., 976, and cases cited; Hutto v. Ry.,75 S.C. 298; 55 S.E., 445; State v. Smith, 77 S.C. 251,57 S.E., 1111.
The judgment of the Circuit Court is affirmed.