[No. 2351]

## STATE OF NEVADA, RESPONDENT, v. ADOLFO SELLA, APPELLANT.

[168 Pac. 278; 180 Pac. 980]

1. JURY—DRAWING OF PANEL IN COURTROOM.
   The drawing of the panel of jurors in the courtroom, instead of the office of the county clerk, as provided for by Rev. Laws, 4930, was not error; such statute being merely directory.

2. CRIMINAL LAW—APPEAL—PRESUMPTIONS—ARGUMENT.
   Where record does not purport to contain all the evidence given at the trial, appellate court will not presume that the district attorney discussed matters not covered by the evidence.

APPEAL from Sixth Judicial District Court, Humboldt County; *Edward A. Ducker,* Judge.

Adolfo Sella was convicted of murder in the second degree, and from judgment of conviction and from order denying new trial, he appeals. **Affirmed.**

*J. M. Frame,* for Appellant:

The drawing of the panel of jurors should have been conducted in the office of the county clerk. Rev Laws, 4930. The statute makes the drawing of a jury a public act, to enable persons who may so desire to be present. The drawing of the panel in an unexpected place, and not the one designated by law, is equivalent to a drawing behind closed doors, where no person who might choose to be present would be permitted to inspect the drawing. The trial court therefore committed prejudicial error in denying the appellant's challenge to the panel.

It was prejudicial and reversible error for the district attorney to state in his argument that appellant had been convicted of the same crime by another jury. "Equally with the court, the district attorney, as the representative of law and justice, should be fair and impartial. He should remember that it is not his sole duty to convict, and that to use his official position to obtain a verdict by illegitimate and unfair means is to bring his office and the courts into distrust." People v. Lee Chuck, 20 Pac. 723. "We think the jury would be

sure to get the impression that the judge thought the defendant guilty. Still more objectionable was the conduct of the prosecuting attorney." People v. Bowers, 21 Pac. 752. "Prosecutors too often forget that they are a part of the machinery of the court, and that they occupy an official position." State v. Irwin, 71 Pac. 611. "But, still, the rights of the defendant cannot be ignored or overlooked." State v. Balch, 2 Pac. 612; People v. Devine, 30 Pac. 379; People v. Wells, 34 Pac. 1078; People v. Davenport, 110 Pac. 322. And it has been uniformly held that it is reversible error for the district attorney in his argument to refer to a former verdict of conviction for the same offense. State v. Clouser, 72 Iowa, 302; State v. Leabo, 69 Mo. 247; Brantley v. State, 59 S. W. 892; Hatch v. State, 8 Tex. App. 416. The courts have held this to be true whether the reference be either direct or indirect. House v. State, 9 Tex. App. 567.

*L. B. Fowler,* Attorney-General, *Robert Richards,* Deputy Attorney-General, and *Thomas E. Powell,* District Attorney, for Respondent:

The brief of appellant consists of assertions and theories that are not substantiated by the record. The court must confine itself to the record before it. The contention of appellant that fatal error was committed in that the names of the regular panel of trial jurors was drawn in the courtroom instead of the office of the county clerk is without merit. No attempt was made to show that the persons whose names were drawn were selected for the purpose of depriving appellant of a fair and impartial trial. "The manner in which the jury panel shall be drawn is regulated in the different jurisdictions by statutory provisions, which are in most respects merely directory." * * * 24 Cyc. 218. Where the statute requires the drawing to be in the clerk's office, it is a sufficient compliance where the drawing is in an adjoining room opening into and constituting a part of the main office." 24 Cyc. 221; State v. Green,

43 La. Ann. 402; State v. Jackson, 66 S. W. 938; State v. Barlow, 71 N. E. 726.

"The argument of the prosecuting attorney was improper, but as it was a fact which must have been known from the record, we should not reverse the case on that ground, especially in view of the remarks of the learned circuit judge in this connection." People v. Yund, 128 N. W. 742; State v. Stewart, 211 Fed. 41. Comments of the district attorney based upon evidence placed in the record by the defendant are not prejudicial, even though such comments would be reversible error if such evidence had not been put in the record by the defendant. State v. Mircovich, 35 Nev. 485; State v. Kind, 35 Nev. 153.

The district attorney, upon being interrupted, after having made the statement that the defendant had once been convicted and sent to the penitentiary, immediately desisted, and the court forthwith instructed the jury to disregard the remarks. In such a case, even though the fact of the former conviction had not been put in evidence by the defendant, the remarks of the district attorney will not constitute reversible error. Brewer v. Commonwealth, 12 S. W. 672; Kirk v. State, 37 S. W. 440; People v. Greenwall, 22 N. E. 180; People v. Mancuso, 137 Pac. 278.

By the Court, COLEMAN, C. J.:

Appellant was convicted of the crime of murder in the second degree. From the judgment, and from an order denying a motion for a new trial, he appeals.

1. Only two grounds are urged as a basis for the reversal of the judgment and order. The first alleged error pertains to the manner in which the panel from which the trial jury was selected was drawn. Section 4930 of the Revised Laws provides that the regular panel of trial jurors shall be drawn in the office of the county clerk. The record shows that when the case was called for trial the attorney for the defendant orally interposed a challenge to the panel of jurors, upon the ground that

said panel had not been drawn in the clerk's office, but in the courtroom, of which the clerk's office is not a part. The challenge was denied by the court. We are of the opinion that the provision of the statute relative to the drawing of the panel in the clerk's office is merely directory. State v. Barlow, 70 Ohio St. 363, 71 N. E. 726; State v. Jackson, 167 Mo. 291, 66 S. W. 938; State v. Barnes, 54 Wash. 493, 103 Pac. 792, 23 L. R. A. (N. S.) 932; State v. Washington, 82 S. C. 341, 64 S. E. 386.

The idea that the statute is merely directory in providing that the drawing of the jury panel shall be held in the clerk's office is reinforced by the fact that it is nowhere required that notice of the time and place of the drawing shall be given. So far as the statute provides, the drawing may take place immediately after the entry of the order directing that it be made. In the case at bar it is not even intimated that the defendant was in the least prejudiced by the fact that the drawing of the panel took place in the courtroom. In these circumstances for us to hold that such error was committed as would justify a reversal of the judgment would justly subject us to contempt and ridicule. The Supreme Court of Washington, in considering alleged irregularities in the selection of the panel of jurors, said:

"While they should be observed as closely as practicable, so that a competent, impartial and honest jury may be secured, it does not follow that an inadvertent failure to comply with every directory provision will vitiate a panel, unless it is made manifest that some omission prejudicial to the appellant has occurred. 'The manner in which the jury panel shall be drawn is regulated in the different jurisdictions by statutory provisions, which are in most respects merely directory, but which as to their material provisions, designed for securing a fair and impartial jury, must be substantially complied with. * * * The most important requirement is that the panel shall be drawn and not arbitrarily selected, and any act of this character on the part of the clerk or other officers is ground for challenge

to the array.' 24 Cyc. 218, 219, and cases cited. 'In some of the states there are decisions to the effect that statutes which prescribe the powers and duties of jury commissioners and corresponding officers to whom is intrusted the selection or drawing of suitable persons as jurors, and which prescribe the time and manner of exercising such powers and performing such duties, are mandatory, and that strict adherence to the statutory requirements is essential to support the regularity and validity of the proceedings. But, notwithstanding these decisions, the great weight of authority is to the effect that the mere fact that officers intrusted with the several duties prescribed failed to conform precisely to such requirements will not invalidate their action, unless it appears, or may be reasonably inferred from the circumstances, that the complaining party has been prejudiced, or that injury has been sustained by reason of neglect or omissions charged. In brief, courts will not sustain a palpable disregard of essential statutory provisions, nor overlook material departures therefrom; but, if there is a substantial compliance with the statutes, mere irregularities in the procedure, or mere informalities on the part of the officers charged with the selection and drawing, will be deemed unimportant.' 12 Ency. Pl. & Pr. 276–278." State v. Barnes, supra.

2. The second alleged error relied upon by appellant is that the district attorney in his opening address commented upon the fact that appellant had been convicted of the offense charged upon a previous trial. There does not purport to be in the record a bill of exceptions which contains all of the evidence given at the trial, and the brief of the district attorney quotes statements which, it is claimed, were made by the defendant upon direct examination, showing that he had been convicted upon a previous trial of the case. There is no denial of this statement of the district attorney; and, while we cannot consider the briefs in ascertaining what the testimony on the point was, the failure to deny this statement is significant. The record not purporting to

contain all of the evidence given at the trial, this court will not presume that the district attorney discussed matters not covered by the evidence.

No error appearing, it is ordered that the judgment and order appealed from be affirmed.

SANDERS, J.: I concur.

DUCKER, J., did not participate, having presided at the trial in the district court.