STATE v. BOYD.

1. PLEADING—INDICTMENT—MOTION TO QUASH—GRAND JUROR.—A motion to quash an indictment on ground of disqualification of grand juror comes too late after pleading thereto.
2. IBID.—IBID.—IBID.—GRAND JUROR.—Is relationship of grand juror to defendant good ground for plea in abatement, or motion to quash?

Before TOWNSEND, J., Laurens, July, 1899. Reversed.

Indictment against James Boyd for house-breaking and larceny. From order quashing indictment, State appeals.

Solicitor Sease and Assistant Attorney General Gunter, for appellant. The latter cites: Motion to quash comes too

*late after pleading:* 30 Pac. R., 891; 35 Pac. R., 710; 37 Pac. R., 169; 23 S. E. R., 334; 38 S. C., 272.

*Messrs. Irby, Cooper & Babb,* contra (oral argument).

January 2, 1900. The opinion of the Court was delivered by

MR. JUSTICE JONES. The defendant, under indictment for house-breaking and larceny, was arraigned and pleaded not guilty, and then before the jury was sworn, moved to quash the indictment on the grounds that one of the grand jurors who passed upon the indictment was related to the prosecuting witness, and that the said grand juror was not disinterested. The Circuit Judge, after hearing the evidence submitted, quashed the indictment, notwithstanding the objection by the solicitor that the motion to quash came too late, after the plea of not guilty. The reasons assigned were that the grand juror was related to the prosecutor, their fathers being first cousins, and that the grand juror was cognizant of the facts relating to the prosecution. From this order the State appeals.

The right of the State to appeal from an order quashing an indictment is not disputed. *State* v. *Young,* 30 S. C., 399.

The first question presented is whether a motion to quash for disqualification of a grand juror comes too late after plea to the merits. The Circuit Court held that such a motion, notwithstanding the plea of not guilty, could be made at any time prior to the swearing of the jury for trial. This we think was error. The act of 1899, 23 Stat., 39, fixing the time at which objections to the qualifications of jurors must be made, viz: "before the juror is empanelled for or charged with the trial," does not apply to grand jurors, as they are not empanelled or charged with the trial. Nor does sec. 56, Criminal Statutes, apply, wherein it is provided that "every objection to an indictment for any defect apparent on the face thereof

shall be taken by demurrer, or on motion to quash such indictment before the jury shall be sworn, and not afterwards;" for the manifest reason that the objection urged in this case was not a defect apparent on the face of the indictment. The question is to be determined on principles of correct pleadings, and we are not now concerned with the question whether the Circuit Court, as matter of discretion, had the right to allow a withdrawal of the plea of not guilty for the purpose of allowing the motion to quash. The authorities generally hold that a plea of not guilty is a waiver of the right to plead in abatement or move to quash for disqualification of a grand juror. 9 Ency. Law, 12; 2 Ency. Pl. & Pr., 775; 10 Ency. Pl. & Pr., 570; Note 12 Am. St. Rep., 910; *United States* v. *Gale,* 3 and 4 Sup. Ct. Rep., 1. This is not a case in which the alleged disqualification was discovered after the plea of not guilty, for the affidavits submitted show that both defendant and his counsel knew the facts upon which the alleged disqualifications were based even before the finding of the indictment, and in such case there is strong reason for holding that defendant should have challenged before indictment found; but, be that as it may, defendant must be held to have waived such objections by his plea to the merits. Having reached this conclusion, it becomes unnecessary to consider whether the relationship of the grand juror to the prosecutor is a good ground for quashing the indictment. But the authorities appear to hold that while such objection may be ground for challenge before indictment found, it is not good ground for plea in abatement or motion to quash. *State* v. *Sharp* (N. C.), 14 S. E. Rep., 504; *Lascelles* v. *State* (Ga.), 16 S. E. Rep., 949; *State* v. *Easter* (Ohio), 27 Am. Rep., 478; Note 28, L. R. A., 202.

The judgment of the Circuit Court is reversed, and the case remanded for further proceedings.