## HOLCOMBE v. SOUTHERN RAILWAY CO.

1. JURY—RAILROADS—PASSENGER—LICENSEE.—It is a question for the jury whether one standing sixteen feet from the baggage car at waiting room was injured by negligence of railroad in handling trunks, and it is immaterial whether such one were at the time a licensee or passenger, and if that were the issue, it is also a question of fact.

2. RAILROADS — STATION HOUSE — PASSENGER — TRESPASSER — NEGLI-

GENCE.—Duty of railroad to person in its station house or on its premises intending to become a passenger, or on its premises where he had no right to be, properly stated.

Before GAGE, J., Anderson, March, 1902. Affirmed.

Action by Ina Holcombe against Southern Railway. From judgment for plaintiff, defendant appeals.

*Mr. T. P. Cothran,* for appellant, cites: *Where plaintiff does not rest on presumption of negligence, but shows the circumstances, he must show negligence:* 62 N. E., 955; 25 Ency., 2 ed., 266. *As to when relation of passenger and carrier arises:* 108 Fed. R., 14; 45 L. R. A., 163; 51 S. C., 161; 39 S. C., 162; 2 Ency., 1 ed., 744; 19 Ency., 1 ed., 641.

*Mesrs. Breazeale & Rucker,* contra, cite: *As to relation of passenger and carrier:* 5 Ency., 2 ed., 489; 40 Barb., 546. *Nonsuit only granted in absence of proof of negligence:* 41 S. C., 419, 455.

April 7, 1903. The opinion of the Court was delivered by

MR. JUSTICE JONES. The plaintiff brought this action for damages for personal injury resulting from alleged negligence of defendant in throwing a trunk against her while its servants were unloading baggage at the Anderson depot, October 19, 1900. This appeal comes from the judgment on verdict in favor of plaintiff for $600, upon exceptions to the refusal of the motion for nonsuit and the charge to the jury.

The nonsuit was properly refused. There was evidence that plaintiff, with her several small children, went to the station at Anderson to take defendant's 9.45 a. m. train to Pelzer, S. C., as passenger, and on arrival at the station found that such train had gone; whereupon she concluded to remain at the station waiting room

for ladies for the purpose of becoming a passenger on defendant's 2.45 p. m. train for Pelzer. After the arrival of defendant's 11.15 a. m. train from Belton, plaintiff, according to her testimony, was just outside the waiting room door, having gone out to get one of her children who ran out of the waiting room on the approach of the train. The defendant's baggage car was stopped in front of the waiting room door, about sixteen or seventeen feet away, and its servants while unloading several trunks therefrom, according to plaintiff's statement, threw one of the trunks against her leg and injured her. If the baggage had been handled with the care due under the circumstances, it is not probable that plaintiff could have been injured by collision with a trunk, when she was standing some sixteen feet from the baggage car. It was properly left to the jury to say whether the injury was the result of defendant's negligence. Under this view it was immaterial whether plaintiff was a passenger in contemplation of law or whether she was there as a licensee by permission of the defendant company.

Defendant's counsel requested the Court to charge the jury as follows: "A person coming to a railroad station with the intention of taking defendant's next train, becomes, in contemplation of law, a passenger on defendant's road, provided that such coming is within a reasonable time before the time for the departure of said train." To which the Court responded as follows: "The Court: That is correct, and I leave it to the jury to say whether or not the plaintiff in this case came to the station in a reasonable time before her car left, and if she did, then, in contemplation of law, she was a passenger, and ought to have the rights of a passenger; but if she did not come there in a reasonable length of time before the departure of the next train, she is, in contemplation of the law, not a passenger." The Court refused to charge defendant's second request, as follows: "If the plaintiff arrived at the depot too late to take the 9.45 a. m. train, and concluded to wait there in order to take the 2.45 p. m. train, she was acting for her own convenience, and cannot be con-

sidered as a passenger, with the obligations due to her as such." The Court charged defendant's third request, after inserting the words in brackets as follows: "If the defendant allowed the plaintiff to wait in its waiting room for the next train, due to leave in four or five hours (and if, in the opinion of the jury, that was an unreasonable time), plaintiff became thereby a licensee, not a passenger, and was entitled to only such care as is due a licensee." Upon the foregoing appellant excepts as follows: "Error in holding that it was a question of fact for the jury whether the plaintiff went to the depot a reasonable time before the departure of the train, the plaintiff having testified that she went to the depot about 9.45 a. m., found the train she expected to take gone, and concluded to wait until the next train was due to depart, at 2.45 p. m. As matter of law, the Court should have held that the plaintiff was not at the depot within a reasonable time before the departure of her train, and was not, therefore, entitled to the extraordinary care due to a passenger." The question as to whether plaintiff was a passenger at the time of her injury and as to the degree of care which a railroad company should exercise towards her as such, was a matter of appellant's own choosing. The complaint merely alleged that plaintiff at the time of her injury was at defendant's station, "for the purpose of becoming a passenger," which implies that she was not then a passenger. The real issue, then, was as to the care which a railroad company owed to one at its station waiting to *become* a passenger. On this issue the jury, at appellant's request, was very plainly instructed: "If defendant exercised ordinary care in handling baggage, and plaintiff was where she had no right to be, the defendant is not liable for injury received by plaintiff." Under this instruction, the verdict shows that the defendant did not exercise ordinary care in handling the baggage, and that plaintiff was where she had a right to be. It was, therefore, wholly immaterial whether plaintiff was at the time of the injury a passenger or a licensee, as the defendant failed to observe ordinary care to

prevent injuring her.    But assuming that it was in issue
whether plaintiff was a passenger, we think there was no
error in the Court leaving it to the jury to determine from
all the circumstances whether the relation of passenger and
carrier existed.    In the case of *Johns* v. *R. R. Co.,* 39
S. C., 162, 17 S. E., 698, the Court held that a rail-
road company owed the duty of exercising extraordi-
nary care in providing safe approaches to one coming to the
depot, to become a passenger, whether he had a ticket or
not.    In that case, the Court quotes from 2 Am. & Eng. Enc.
of Law, 744, as follows: "If a person has the *bona fide*
intention of taking passage by a train, and if he goes to a
station at a reasonable time, he is entitled to protection as a
passenger, not only from the moment he enters upon the
carrier's premises, but also while *en route* to the station in
an omnibus run by the railway to take the passengers to their
trains."    In the case of *Phillips* v. *Southern Ry. Co.,* 124 N.
C., 123, 45 L. R. A., 163, the Court held: "a party coming
to a railroad station with the intention of taking defendant's
train is, in contemplation of law, a passenger on defendant's
road, provided that his coming is within a reasonable time
before the time for departure of said train."    In the case
of *Harris* v. *Stevens,* 31 Vermont, 79, 73 Am. Dec., 337,
the Court holds that the right to enter and remain at a rail-
road station house "extends only so far as is reasonably
necessary to secure to the traveler the full and perfect exer-
cise and enjoyment of his right to be carried upon the cars.
And what is a reasonable time must depend upon the circum-
stances of each particular case."    In the case at bar, there
was nothing to show that plaintiff remaining in the waiting
room for passengers for several hours in the daytime was
contrary to any rule or regulation of the company.  · The
proper inference, under the circumstances, probably would
be that if there was no regulation fixing proper hours for the
use of the waiting room, and plaintiff was permitted to use it
for the purpose of taking the next train, that her use of it
for such purpose was for a reasonable time, but it was not

prejudicial to appellant, under its requests to charge, to have the matter submitted to the jury.

Appellant's fifth exception assigns "Error in refusing the defendant's fourth request to charge, which was as follows: 'If the defendant provided a reasonably safe waiting room for plaintiff's accommodation during her wait, the defendant would not be liable to plaintiff for injuries received, if she abandoned such accommodation and went upon the station yard unnecessarily to gratify her curiosity, when a train which she did not expect to take entered the station in the meantime.' Such request contained a legal proposition applicable to the case." In response to this request to charge, the Court instructed the jury as follows: "The Court: I refuse to charge you that in this language, but charge the following: 'If any person be not in the station house within a reasonable time before the train's departure, then the railroad does not owe to such person so high a duty, for the person is not then, in law, a prospective passenger. If at the time the person forsake the station house and goes to a place where he or she has no legal right to be, then the railroad was bound only to do no wilful injury to such person.'" We see no error in the instructions of which appellant has any right to complain. The jury, under appellant's sixth request, were explicitly instructed, "If the plaintiff was guilty of the least amount of negligence which contributed as a proximate cause to the injury, she is not entitled to any damage."

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.