## STATE v. SMALLS.

1. EVIDENCE.—THE CONDUCT, actions and general behavior of the accused in a homicide case immediately before the killing, are admissible to show he was armed and in a vicious manner.

2. IBID.—CURSING.—That the defendant in a homicide case was in the habit of cursing, could not affect the result of the case.

3. JURORS.—Statutes prescribing time and manner of selecting jurors are usually regarded as directory, and assignment by jury commissioners of one person as drawn to the petit jury and another to the grand jury as the drawing proceeded, is only an irregularity, and under sec. 2947, Code 1902, which applies to both grand and petit jurors, there being no substantive evidence that appellants were injured by irregularity, objection to such method of assigning jurors to the different panels comes too late after verdict, it not appearing that the irregularity was not known to appellant before trial.

Before DANTZLER, J., Darlington, Spring Term, 1905. Affirmed.

Indictment against Bob Smalls and John Nall for murder of Frank Scott. From sentence, both defendants appeal.

*Mr. Geo. W. Brown,* for appellants, cites: *Acts and conversation of defendants some time before and after homicide are not res gestae:* 21 How. St. Tr., 534; 13 S. C., 463; 26 S. C., 121; 56 S. C., 369; 68 S. C., 310. *Defendant should not have been required to say he had shot in highway:* Crim. Code, 252; 65 S. C., 245; 20 S. C., 342; 72 S. C., 83. *Defect in drawing jury not appearing on record, only remedy is by appeal:* 1 Brev., 169; 2 N. & McC., 435, 312; 26 S. C., 114. *Sec. 2946, Code 1902, does not apply to grand jury:* 56 S. C., 383. *Assigning jurors to different panels is fatal defect:* 7 Rich., 327; Crim. Code, 39; 15 Rich., 43, 47; 2 Rich., 533; 63 S. C., 548; 64 S. C., 250; 12 S. C., 96; 13 S. C., 455; 56 S. C., 382; 140 U. S., 575; 109 U. S., 65; 68 S. C., 322.

*Solicitor Johnson,* contra.

March 16, 1906.  The opinion of the Court was delivered by

MR. JUSTICE WOODS.  Upon their trial in the Court of General Sessions for Darlington County, Bob Smalls and John Nall were convicted of the murder of Frank Scott, with a recommendation to mercy as to John Nall.  The presiding Judge, Hon. Chas. G. Dantzler, sentenced Bob Smalls to be executed on May 5, 1905, and John Nall to imprisonment for life.

The deceased was shot to death on the public highway. In their appeal the defendants first complain of the admission of evidence to the effect that while walking on the public road on their way to the place where the killing occurred, they were under the influence of liquor and shot off their guns several times; that their conduct was boisterous and threatening toward Jackson Granville, who overtook them a short time before the homicide, and that after the homicide had been committed, still carrying their guns, they went to the home of deceased.

The same point was made in *State* against *Miller, ante,* 277, where the facts were remarkably similar.  In that case the Court said: "The general rule is that proof of distinct and independent offenses is not admissible on the trial of a person accused of crime, but there are exceptions to or modifications of this general rule, as where such evidence reasonably tends to show the malice, intent or motive of the defendant with respect to the crime charged, or where the offense is so closely connected with the crime charged as to bring it within the rule of *res gestae*.  Wharton's Crim. Evid., 8th ed., secs. 30-47.  See, also, a full and elaborate note to *People* v. *Molineux*, 62 L. R. A., 193.  The testimony admitted tended to show that the defendants were, a short time before the homicide, approaching the place where it occurred armed with a deadly weapon and with a mind ready for mischief.  The conduct, actions and general behavior of the accused immediately before the killing are

admissible to show that he was armed and in a vicious humor. 4 Elliott on Evid., sec. 3029." See, also, *State* v. *Smith,* 12 Rich., 430; *State* v. *Thrailkill,* 71 S. C., 140.

It is next submitted, the Circuit Judge committed the error of requiring John Nall to testify as to his shooting along the public road before the homicide and thus incriminate himself, shooting on the highway without just cause or excuse being a statutory misdemeanor. The record does not bear out this charge of error. After Nall on cross-examination had testified without objection to his shooting on the public road before reaching the place where the homicide occurred, defendant's counsel objected "to further testimony as to shooting along the road at other places than at the place of homicide." This objection was overruled, and defendant's counsel did not until then make the point that defendant had the right to refuse to answer as to shooting along the highway prior to the homicide. It is true, the point was not sustained, but no further question was asked or answered about shooting except that which was done at the time and place of the homicide.

It is further insisted that testimony adduced on the cross-examination of John Nall that Bob Smalls was in the habit of cursing, was irrelevant and prejudicial. This witness subsequently testified that Smalls cursed that day. We are unable to see how the evidence as to his being in the habit of using profane language could have affected the result of the case.

It is next earnestly insisted that there was such illegality in the drawing of the grand jurors by whom the bill was found and of the petit jurors by whom the defendants were convicted, that the whole trial was a nullity. Under section 39, of the Criminal Code, "the persons whose names are first drawn, to the number required, shall be returned as grand jurors, and those afterwards drawn, to the number required, shall be jurors for trials." It appears from the affidavit of the jury commissioner, that instead of following the statutory method, they assigned

to the grand jury as their names were drawn those persons whom they regarded best qualified for grand jury duties, leaving the others drawn for the petit jury.  As expressed in the affidavit, "the whole thirty-six as drawn were not assigned to the petit jury, nor were the whole twelve as drawn assigned to the grand jury, but as the grand and petit jurors were drawn together the assignments to the one or the other venires were made, assigning as aforesaid, as we saw it, the best business men to the grand jury."

It does not appear this irregularity was not known to defendants before the trial, and yet no objection was then made that the bill was not found by a legal grand jury or that the petit jurors were not legally drawn; on the contrary, the objection is made for the first time in this Court.   Section 2947, of the Code, 1902, provides: "No irregularity of any writ of *venire facias,* or in the drawing, summoning, returning or empanelling of jurors, shall be sufficient to set aside the verdict, unless the party making the objection was injured by the irregularity, or unless the objection was made before the returning of the verdict."   This applies to grand as well as petit jurors.  *State* v. *Jeffcoat,* 26 S. C., 114, 1 S. E., 440.   There is no substantive evidence that the defendants were injured by the irregularity.

We do not think the method of drawing the jury was, as defendant's counsel contends, more than an irregularity and such a fatal defect as to leave the Court without jurisdiction to try the defendants.   There is no allegation or proof that those who composed the juries were not *probi et legales homines,* that is, good and lawful men competent to act as jurors, and statutes which prescribe the time and manner of selecting jurors are usually regarded as directory.  *State* v. *Baldwin,* 2 Hill, 379; *State* v. *Blackledge,* 7 Rich., 338; *State* vs. *Clayton,* 11 Rich., 581; *State* vs. *Boyd,* 56 S. C., 382, 34 S. E., 661; *State* v. *Berkeley,* 64 S. C., 194, 41 S. E., 961; *State* v. *Johnson,* 66 S. C., 23, 44 S. E., 68; *Rhodes* v. *Ry. Co.,* 68 S. C., 494, 47 S. E., 689.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed, and that the case be remanded to that .Court for the purpose of having a new day assigned for the execution of the sentence of Bob Smalls heretofo· r imposed.