### 7873

### BRACKETT v. SOUTHERN RY.

1. Physician—Party.—A plaintiff suing for personal injuries is not required to submit to personal physical examination by disinterested physicians.

2. Carrier—Passenger—Issues.—Under the evidence here, whether the plaintiff should have anticipated that waiting in a cold waiting room for five hours, whether any reasonable effort on her part would have enabled her to find accommodations elsewhere, whether she should have imposed on the carrier the burden of providing accommodations for so long a time, whether she should have taken a train making closer connection, are issues for the jury.

3. Ibid.—Ibid.—Women.—The presence of a woman's menstrual period is a normal condition and must be taken notice of as such by carrier in providing accommodations for both sexes.

4. Ibid.—Ibid.—Charge as to duty of carrier to passenger in its station waiting rooms and of duty of passenger to prevent damages from accommodations furnished *held* proper.

5. Ibid.—Ibid.—A carrier owes the same degree of care to passengers in its waiting rooms as on its trains.

Before Special Judge W. B. Gruber, Spartanburg, Summer term, 1910.   Affirmed.

Action by Lucy A. Brackett *et al.* against Southern Railway.   Defendant appeals.

*Messrs. Sanders & DePass,* for appellant, cite: *The Court has power to require plaintiff to submit to physical examination:* 60 S. C. 117; 68 S. C. 246; 88 Am. St. R. 235.; 83 Am. St. R. 209. *Sick passenger should inform carrier of condition if it is required to make provision for his condition:* 72 S. C. 114; 78 S. C. 552; 77 S. C. 434; 75 S. C. 355. *If plaintiff willed to remain in the cold room she cannot recover:* 75 S. C. 355; 69 S. C. 539; 83 S. C. 411; 83 S. C. 448. *Duty of carrier in arranging its depots:* 4 Ell. on R. R. 1590; 2 Hutch. Pars. 940-1; 3 Thomp. on Neg., sec. 2679; 2 Sher. & Red. on Neg., sec. 501.

*Mr. John K. Hamilton,* contra, cites: *Party should not be compelled to submit to examination:* 60 S. C. 117; 85 S. C. 425; 141 U. S. 250; 40 Am. R. 588; 83 Am. R. 269; 40 At. 1114; 67 S. W. 776. *Plaintiff may recover without giving notice of her condition:* 72 S. C. 114, 336; 66 S. C. 6; 70 Ark. 136; 2 Hutch. on Car. 1047-8. *How long carrier is required to keep depot open:* 66 S. C. 6; 2 Hutch. on Car. 1047-8; 54 S. C. 511; 81 S. C. 271; 57 S. C. 332; 39 S. C. 162; 51 S. C. 150.

April 24, 1911. The opinion of the Court was delivered by

Mr. Justice Woods. On January 16, 1909, the plaintiff, Lucy A. Brackett, purchased at Gaffney a ticket over defendant's road from that place to Union, South Carolina, and took a train leaving Gaffney about two o'clock p. m., and arriving at Spartanburg about three o'clock p. m. There was no train leaving Spartanburg for Union until about eight o'clock p. m. The five hours intervening between her arrival at Spartanburg and her departure for Union the plaintiff spent in the waiting room at defendant's station. The plaintiff recovered judgment for $200 on a complaint alleging that, although the day was cold, the defendant did not have its waiting room heated, and its

agents paid no attention to the request of plaintiff's husband that it should be made comfortable; that plaintiff was a stranger in Spartanburg, without the means to pay for entertainment elsewhere; and that the exposure to cold during her menstrual period resulted in serious and permanent sickness. There was evidence tending to sustain these allegations of the complaint. On the other hand, there was no doubt that the plaintiff could have taken a train leaving Gaffney at about seven o'clock p. m., and making close connection at Spartanburg with the train for Union, and that there was a hotel very near defendant's station, where plaintiff could have waited in comfort without charge. There was evidence on the part of the defendant that the waiting room, which is kept open practically all the time, was comfortably warm on the day plaintiff was there, and that no complaint of the cold nor request for more heat was made by any one.

The assignment of error in the refusal of the Circuit Court to require the plaintiff to submit to a physical examination by disinterested physicians is without merit. The point has been settled by *Best* v. *Columbia S. Ry. Co.*, 85 S. C. 422.

If the questions made by defendant's motion to direct a verdict were open in this State, they would deserve most careful consideration; for high authority may be cited and cogent argument adduced in support of some of the positions taken by defendant's counsel. But it was distinctly held in *Holcombe* v. *Southern Railway*, 66 S. C. 6, 44 S. E. 68, that it was a question for the jury to determine whether five hours before the departure of a train is an unreasonable time for a passenger, or one intending to become a passenger, to remain in a railroad waiting room which the railroad company voluntarily keeps open for the time that such person is there. This holding of the Court necessarily disposes also of the ground for the motion that the length of time which plaintiff remained in the waiting

room was conclusive evidence of contributory negligence. In the light of this case it must be held that it was for the jury to say whether the plaintiff should have anticipated that she would be made sick by remaining in the cold room, whether by reasonable effort on her part she could have found accommodations elsewhere, and whether she should have imposed on the railroad company the burden of providing accommodation for so long a time at Spartanburg, when she could have taken a later train and made close connection at Spartanburg.

It is true, as defendant's counsel contends, that the evidence shows that the injuries complained of would not have resulted to the plaintiff from remaining in a cold room had she not been in a state of susceptibility to ill effects of cold from her menstrual period. But we cannot accept the view that the presence of a woman's menstrual period is an abnormal condition, like weakness due to disease, of which the defendant was entitled to special notice. On the contrary, that condition is normal, and must be so regarded and taken notice of by carriers, whose duty it is to provide reasonable accommodations for passengers of both sexes. That duty does not extend to making special provision without notice for women who are peculiarly delicate or abnormal in their susceptibility to cold in such condition, but it does extend to reasonable consideration and provision for the comfort of healthy women, whose capacity to travel is not materially affected by such condition.

The numerous exceptions to the charge, which cover the same ground as the propositions relied on in support of the motion to direct a verdict, require no special notice, as they are covered by the conclusions above stated. In giving the following instructions, at the request of the defendant, the Circuit Judge went as far as he was permitted to go under the law of this State: "I charge and instruct you that the law does not impose upon a rail-

way company the duty of furnishing a lodging place for persons to lounge around or wait in for an unreasonable length of time before the arrival of the train which such person intends to take. * * * If the evidence shows that the plaintiff could, by the exercise of any reasonable means at her command, have prevented any damages from coming to her, and it appears that she carelessly failed to make any reasonable effort to avail herself of such means, and that this contributed in any manner as a proximate cause to her injuries, she cannot recover. * * * I charge and instruct you that a railroad company is only bound to open its depot and keep it warm for such time as is reasonably necessary to secure to the traveler the right to be carried on its train. If, therefore, the evidence shows that a person goes to a depot and remains there for a longer time than is reasonably necessary to give such person the full enjoyment of the right to be carried upon the train, then the railroad cannot be held liable, even if they are made sick by remaining there."

Counsel for defendant submitted the following important request to charge, which was refused: "I charge and instruct you that a railroad company does not owe the same high degree of care to persons who are in its station or waiting room as passengers, in so far as the arrangement and comfort of such station or waiting rooms are concerned, as it does to persons who are passengers on one of its trains.   In other words, a railroad company is not bound to exercise extraordinary care in reference to the arrangements of its station or waiting rooms; it is only required to exercise reasonable care—that is, such care as men of ordinary prudence would exercise under the same circumstances."

There is much strong authority supporting this proposition and the argument in its favor has often been forcibly stated in textbooks and judicial decisions.   But we think the weight of reason and authority sustains the rule adopted by this Court in *Holcombe* v. *Southern Railway Company,*

*supra,* that the burden of extraordinary care is on the carrier in the management of its stations as well as in the operation of its cars.   The authorities on both sides are collated in 4 Elliott on Railroads, sec. 1590; Fetter on Carriers, vol. I, p. 98; and *Fremont etc. Ry* v. *Hagblad* (Neb.), 4 L. R. A. (N. S.) 254.   The public business of carrying passengers is now so controlled by a few persons or corporations that those who travel must of necessity use their stations and waiting rooms, and with increasing population the number of persons using these stations is constantly on the increase.   The arrangements for the comfort and health of all classes of the general public,—women and children, the old and the feeble, the ignorant and inexperienced,—are under the exclusive control of the carriers, and it seems but reasonable that they should be held to a very high degree of care in providing at their stations for the safety and comfort of those whom they impliedly invite to use their stations and waiting rooms.

Another cogent reason against applying the rule of extraordinary care in relation to the roadbed, track, cars, appliances, and the like, and the rule of ordinary care as to the construction and maintenance of stations and waiting rooms, is that the attempt to apply different rules will often result in the greatest perplexity and the most refined distinctions in determining whether an injury complained of should be referred to a condition existing in the station or to the operation of a train.

All the exceptions must be overruled.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.