13939

DEERY v. JEFFERSON STANDARD LIFE INS. CO.

(176 S. E., 876)

*Messrs. Osborne & Butler,* for appellant,

*Mr. Horace L. Bomar,* for respondent,

November 8, 1934.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The plaintiff alleges in her complaint two causes of action based upon two policies of insurance issued to Samuel Joel Deery by the appellant, which provided for the payment of indemnities if the insured became totally and permanently disabled. It is further alleged that in consequence of injuries to his head received by Samuel Joel Deery in an automobile accident, he became mentally so incapacitated that he was totally disabled, and was adjudged by the Probate Court of Spartanburg County to be a person *non compos mentis,* and Mrs. Eula May Deery, his wife, was appointed his committee; that demand for the indemnities provided for in the policies was made and payment is refused.

The defendant made answer in which it admits the issuance of the policies; but denies that they are accurately set

forth; asserts that defendant has not information on which to form a belief that the plaintiff has been appointed committee for Samuel Joel Deery, and therefore denies it; admits that demands for the payment of indemnities have been made and refused; admits that payments of premiums have been duly made; denies each and every other allegation of the complaint.

It appears from the record that after the commencement of the action, the defendant requested of the plaintiff that it be given an opportunity to examine (not the plaintiff as said in the statement of the record, but) Samuel Joel Deery, the person alleged to be *non compos mentis*. This request was acceded to, and Dr. C. Fred Williams, the superintendent of the South Carolina State Hospital, and Dr. J. Moss Beeler, superintendent of the Spartanburg County General Hospital, in company with Dr. Roy P. Finney, physician for Mr. Deery, examined Mr. Deery at his home. Thereafter, defendant's attorneys, by letter to plaintiff's attorneys, requested that Mr. Deery be further examined at a hospital where he could be submitted to further tests, where there were necessary instruments and opportunities for a thorough examination, which were not available in a test at the home of Mr. Deery. This request was refused. Thereupon the defendant's counsel applied to the Court for an order requiring Mr. Deery to submit to such examination at the State Hospital in Columbia or the General Hospital in Spartanburg, the defendant obligating itself to pay the expenses incident to such examination. The matter was heard by Judge Dennis, who filed an order refusing to direct that Deery be required to submit to the examination asked for. The defendant appeals from that order.

Two questions, only, are submitted to the Court by the appeal.

"1. Was the defendant entitled as a matter of right, to the examination of the plaintiff demanded by the defendant?"

"2. If the requiring of the examination was in the discretion of the trial Judge, was it an abuse of the discretion not to require the examination?"

It may be conceded that it is settled in this jurisdiction that the plaintiff, in an action to recover damages for personal injuries, cannot be compelled to submit to a personal examination at the instance of the defendant. It was so finally determined in the case of *Brackett v. Southern Ry.*, 88 S. C., 447, 70 S. E., 1026, Ann. Cas., 1912-C, 1212. It is the opinion of the writer of this opinion that that rule is against the great weight of authority and of reason; but the appellant here admits that it is the rule in this State, and does not ask that the cases so holding be reviewed, or that they be overruled. Therefore, we are bound by them.

Appellant contends that that rule does not apply in this case which is not an action for damages for personal injuries, but is one for failure to pay indemnities for disability, alleged to be due under the provisions of policies of insurance. Strictly speaking that is true, but we think that in principle the rule must apply as well to any case which demands an examination of the person of another without his consent. Moreover, it is undeniable that the alleged disability, which, if it exists, it is claimed entitles the insured to the payment of the indemnities provided in the policies, is due to personal injuries.

The inquiry then arises, Has the insured, on whose behalf this action is brought, consented to an examination of the nature here asked for?

It is not denied that the policies in issue contain this provision:

"Any medical adviser of the Company shall be allowed to examine the person of the injured in respect to any alleged disability at any time, but not oftener than every six months after the first two years of disability."

The defendant maintains that by this provision the insured has consented to be examined not only at any time, but any-

where and under any circumstances which the defendant may elect.

Upon the request of the defendant, the insured was examined at his home by the eminent psychiatrists, Dr. C. Fred Williams, the superintendent of the State Hospital for the Insane, and Dr. J. Moss Beeler, superintendent of the Spartanburg County General Hospital. These gentlemen reported that the examination was unsatisfactory, "and that in order for them, or any other expert, as they believe, to adequately, finally and completely reach a definite conclusion and diagnosis, it will be necessary for the said Samuel Joel Deery to be sent to a hospital or sanitarium equipped to make all necessary examinations, and to keep the patient under observation and attention of physicians competent to handle and diagnose such cases."

It was upon the receipt of the report of these physicians that defendant's attorneys requested that Mr. Deery submit to an examination at the State Hospital or at the Spartanburg County General Hospital—defendant to pay all expenses incident thereto. To this request plaintiff's counsel replied that Mr. Deery was willing to be further examined at his home, but was violently opposed to going or being taken to a hospital and was terribly upset at the suggestion; that he habitually carried about his person a loaded pistol, and threatened violence if it were attempted to remove him by force. It was then that application was made to the Court for an order directing that an examination of Mr. Deery be made in the manner prayed for.

In his order denying the order asked for by defendant, Judge Dennis declared that he had doubt whether it was "within his power to order the hospitalization of the said Samuel Joel Deery who had been adjudged by the Court of Probate to be *non compos mentis;* the management and control of persons so adjudged is usually confined to the jurisdiction of the Court of Probate making the appointment."

However, he said further that even if he had such authority, he did not regard the showing made as justifying such an order; that the affidavits of Dr. Williams and Dr. Beeler do not contradict the certificates of Dr. Finney and Dr. Zimmerman, which state that Deery is *non compos mentis;* and that it is admitted in open Court that Drs. Finney and Zimmerman are physicians in high standing.

We do not think that the excerpt from the policies relied on to show the consent of the insured for examination, can be rightly construed to be a consent for examination at any place and under any circumstances selected by defendant. He had been examined at his home, and his committee and counsel announced their willingness that he be further examined there.

Defendant cannot soundly claim under the provision of the policies the right to compel the insured by order of the Court to be transported elsewhere.

We do not think that the trial Judge abused his discretion in denying the order prayed for. There is strong testimony that the attempt to remove the insured by force might, and probably would, result disastrously to him; and, it may be, to others. The astounding statement is made that the man who is claimed to be disabled because of mental derangement, and who has been adjudged by the Court of Probate to be a person *non compos mentis,* is allowed to carry on his person at all times a loaded pistol; a menace to those about him and to the general public. This would seem to be a matter calling for the intervention of the power of the Court of Probate.

It is settled that there is in this State no statute governing this matter.

It is said in 17 C. J., 1053:

"In the absence of statute the matter rests in the sound discretion of the trial Court which is to be exercised in the furtherance of justice."

We find no abuse of discretion in this instance.

The order appealed from is affirmed.

Messrs. Justices Stabler and Carter and Mr. Acting Associate Justice C. T. Graydon concur.