15369

HUMPHRIES v. STOKES BUS LINE

(18 S. E. (2d), 675)

Jan-
uary, 1940.

*Mr. Colin S. Monteith, Jr.,* and *Mr. Charles I. Dial,* both of Columbia, for appellant,

*Mr. C. T. Graydon* and *Mr. J. Bratton Davis,* both of Columbia, for respondent,

February 20, 1942.

The opinion of the Court was delivered by Mr. Associate Justice Fishburne.

The defendant, Stokes Bus Line, is engaged in the operation of motor buses as a common carrier for hire, and is appealing from an adverse judgment for actual damages awarded the plaintiff, predicated upon its negligent failure to properly heat the bus in which she was a passenger, by reason of which failure she was unduly exposed to the cold and made ill.

On the evening of December 24, 1937, the plaintiff, a young married woman, purchased from the defendant company a ticket from Columbia, South Carolina, to Darlington, South Carolina. The bus which she boarded was behind schedule when it left Columbia. Upon reaching Camden, an intermediate point, she was transferred to another bus, which proceeded toward Darlington behind an old bus operated by the defendant. When the old bus, which was filled with passengers, reached the small village of Antioch, about 9 o'clock P. M., it became disabled in consequence of a broken axle, and was stopped in front of a combination service station, store and residence. The plaintiff and other passengers destined for Darlington or points beyond Hartsville, were directed and required to get out of the bus in which they were riding, which was new, and transfer to the disabled bus. Their places in the new bus were then taken by passengers whose destination was Bishopville and Hartsville. The drivers of the two buses boarded the new bus and proceeded to Hartsville to obtain a relief bus which was to return to Antioch to transport the plaintiff and the other passengers who had been left there.

Up to this point, the evidence of the plaintiff and the defendant is in agreement. Beyond this point the evidence is in direct conflict.

According to the evidence for the plaintiff, no arrangements whatever were made by the agents of the defendant for the convenience and comfort of the plaintiff and the other passengers, so as to protect them from the freezing weather which prevailed. The lights in the disabled bus had been ex-

tinguished, the motor cut off, and the doors closed by the driver before he left on the other bus. The passengers, including the plaintiff, were left on the side of the road, exposed to the cold. After waiting there some time, the plaintiff's husband, who accompanied her, succeeded in opening the door of the bus and starting the motor, but being unfamiliar with the operation of the bus, he was unable to turn on the heat. After the bus was opened the plaintiff and other passengers secured seats, and remained there in the cold bus for two hours and a half, until the arrival of the relief bus. She testified that by reason of her exposure she was made ill, and contracted a severe cold which developed into serious sinus trouble, from which she was still suffering at the time of the trial. This testimony was supported by that of her attending physician.

The specific charge of negligence against the bus company is contained in Paragraph 5 of the complaint: "That in the broken down bus there was no heat or other accommodations and that the plaintiff and others were forced to sit in the cold in said bus for about two and a half hours and that the drivers of both buses went off and left the plaintiff and those in said bus without any protection whatsoever on the side of the road and that as a result thereof the plaintiff herein was caused to suffer great inconvenience, was not safely carried to her journey as required and contracted by said ticket, was left without protection on the side of the road, and was made sick and nervous, all to plaintiff's damage in the sum of Three Thousand ($3,000.00) Dollars."

It is alleged that the injury and damage to the plaintiff was caused by the negligence, willfulness and wantonness of the defendant, its agents and servants. The defendant pleaded a general denial.

The defendant appeals from the action of the lower Court in refusing its motions for a nonsuit, directed verdict, and new trial, all of which were based upon the ground that there was an utter lack of evidence showing negligence on its part.

It is now established that the owner of a bus is considered a common carrier of passengers, and as such owes a duty to the passengers to exercise the highest degree of care for their safety that is consistent with the practical operation and conduct of its business so long as the relationship of passenger and carrier exists; and a failure to do so is negligence. *Poliakoff v. Shelton,* 193 S. C., 398, 8 S. E. (2d), 494; *Eaddy v. Greensboro-Fayetteville Bus Lines,* 191 S. C., 538, 5 S. E. (2d), 281; *Payne v. Atlantic Greyhound Bus Lines,* 182 S. C., 58, 188 S. E., 426; Annotation, 96 A. L. R., 727; 37 Am. Jur., Sec. 144, page 594.

The common law, without reinforcement of statute, makes it the duty of a common carrier to provide suitable cars or buses for the transportation of passengers, and confers a right of action upon a passenger who can show that he has suffered injury through negligent failure to heat the cars properly in cold weather. But in order to make the carrier liable for such injury due to insufficient heating, or for no heating, it must appear that the condition was negligently permitted to exist, in addition to the fact that a dangerous condition existed due to the character of the weather. *Atlantic Coast Line R. Co. v. Powell,* 127 Ga., 805, 56 S. E., 1006, 9 L. R. A. (N. S.), 769, 9 Ann. Cas., 553, and Note; 13 C. J. S., Carriers, § 744, page 1398; 10 C. J., § 1378, page 961.

The duty of a carrier to supply its cars with sufficient warmth is analogous to the duty of maintaining proper heat in its waiting rooms for the convenience and comfort of passengers. It has been decided that a carrier owes the same high degree of care to passengers in its waiting rooms as on its cars or trains. *Brackett v. Southern R. Co.,* 88 S. C., 447, 70 S. E., 1026, Ann. Cas., 1912-C, 1212; *Holcombe v. Southern R. Co.,* 66 S. C., 6, 44 S. E., 68.

It is clear from the evidence that the disabled bus was equipped to furnish reasonable means for heating. In fact, it is asserted by several witnesses for the defense that through-

out the wait at Antioch the electric motor which operated the heating system, was running continuously, and that the bus was comfortably warm throughout the enforced delay.

But whether the bus was properly heated, or was not heated at all, was under the evidence a question for the jury, and they have determined this issue against the defendant. Their verdict under the law fixed liability for negligence.

The defendant stresses the fact that the plaintiff had the opportunity of seeking shelter and warmth in the service station,—either in the small store room out front, which contained no stove, or else in the rear room, which constitutes the living room of the owner. The evidence tends to show that about thirty minutes after the disabled bus reached Antioch, the wife of the filling station owner invited some of the passengers to occupy her sitting room, and some of them availed themselves of this invitation, but the plaintiff says that she knew nothing of it. It is admitted that when the agents of the defendant left Antioch they made no arrangements with the filling station proprietor or his wife to accommodate the passengers.

Aside from this, the defendant has not pleaded contributory negligence, but even if it had, the question of negligence would still have been one for the jury.

The defendant complains that the lower Court erred in refusing its motion for a directed verdict as to punitive damages. In this we do not think the Court erred. There was sufficient evidence of gross negligence on the part of the defendant to make it proper to submit this issue to the jury. But even if error, the jury saw fit to find only actual damages, and thus the question of punitive damages becomes academic. *Haynes v. Graham,* 192 S. C., 382, 6 S. E. (2d), 903.

Judgment affirmed.

Mr. Chief Justice Bonham, Messrs. Associate Justices Baker and Stukes, and Mr. Acting Associate Justice E. H. Henderson concur.