STATE v. JEFFCOAT.

1. After the grand jury for the year 1886 were drawn, and summoned, under the law as it then stood, to attend on the first Monday of January, a statute was passed changing the term of court to the second Monday of January. *Held*, that the grand jury attending on the second Monday under this writ of *venire* was a lawful body.
2. Objections to the regularity of a *venire*, by which a grand jury are summoned, come too late after verdict.

Before WITHERSPOON, J., Orangeburg, May, 1886.

The opinion states the case.

*Mr. Malcolm I. Browning*, for appellant.

*Mr. Jervey*, solicitor, contra.

February 16, 1887. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. The defendant was tried and convicted for selling spirituous liquors without a license at the May term of the court, 1886, for Orangeburg County. After the verdict, but before sentence, he moved in arrest of judgment on the ground that the grand jury which found the bill was not a lawful grand jury, in that they had been drawn to attend on the 4th of January, 1886, which was not "the commencement of the first term of the court in that year;" but, on the contrary, the 11th day of January, 1886, was the first day of the term. The Circuit Judge refused the motion, and sentenced the defendant to pay a fine of one hundred dollars or be imprisoned for four months; and he appeals to this court, alleging error in that ruling.

It appeared that by the law as it stood, down to December 23, 1885, the court sat at Orangeburg on the first Monday of January, which, in the year 1886, fell on the fourth day of the month. Under section 2236, General Statutes, the jury commissioners of Orangeburg County were required to prepare the jury list and box "in the month of December of each year," and by section 2629 the clerk of the court was required "to issue the writ of *venire* not less than fifteen days before the commencement of the

first term of the court in each year," &c. Conforming to these provisions of the law, and counting "fifteen days" back from January the 4th of the year 1886, the grand jury had to be drawn before December 20th, 1885. Accordingly, it was drawn on the 11th of that month, and the writ issued, directing the sheriff to summon the jurors named and attached thereto, "to be and appear before the Court of Common Pleas and General Sessions for the court aforesaid, to be holden at Orangeburg C. H. on the fourth day of January, 1886, to serve as grand jurors for the year 1886." As we think, this grand jury, drawn not only in exact conformity to the law as it then stood, but in the only manner in which it could have been properly drawn, was regular and a legal grand jury.

But after this jury was drawn, viz., on December 23, 1885, the legislature passed an act (19 *Stat.*, 157) changing the time of holding the court at Orangeburg from the first to the second Monday of January; and it is insisted that as the act does not contain a clause requiring all process returnable on the first Monday to be made, according to its terms, returnable on the second Monday of January, the grand jury which found the bill was not a lawful grand jury. We agree with the Circuit Judge that merely changing the time for holding the court did not make the grand jury illegal. They were regularly drawn as grand jurors for the year 1886, and the point made as to the time of holding the court concerned only the summoning of the jurors. Nothing is said in the "Case" as to the time when the jurors were actually summoned to appear on the second Monday, nor was that essential to the legality of the jury. That was for the sheriff. "The grand and petit jurors, drawn as hereinbefore provided, shall be summoned by the sheriff, and shall attend and serve according to the exigency of the summons." *Gen. Stat.*, § 2259. "The writ is merely a precept to the sheriff to summons a jury according to the list of names or panel." *State* v. *McElmurray*, 3 *Strob.*, 33. In the case of the *State* v. *Crosby* (*Harper*, 91), Judge David Johnson said: "It is objected that the mode of summoning them was irregular. The important object of obtaining an impartial jury is secured by means of drawing them, which is not affected or controlled in the least by the mode of summoning them; and

it is obvious that, in prescribing this mode, the legislature had nothing more in view than to procure it to be promptly done. The writ of venire was the authority of the sheriff; and as the process of the court secured the attendance of the jurors, I am unable to see how the prisoner is affected by any irregularity in this respect."

But if there should be error in this, we think that, after bill found, trial, and verdict, the objection of irregularity came too late. Section 2266, General Statutes, declares that, "No irregularity in any writ of venire, or in the drawing, summoning, returning, or empanelling of jurors, shall be sufficient to set aside the verdict, unless the party making the objection was injured by the irregularity, or unless the objection was made before the returning of the verdict." It is admitted that such objection could not prevail, if made against the petit jury, after verdict. It is, however, urged that the provision relates only to the petit jury, as shown by the word "verdict"; that grand juries do not render "verdicts," and it was not the intention to include them. It seems to us that this would be a strained construction : that the word "verdict," in its connection, was used simply to indicate a particular stage of the proceeding, beyond which certain objections would not be heard. The act itself certainly does not, in express terms, make any such distinction between grand and petit jurors, but, on the contrary, speaks generally of "jurors," "no irregularity," "in any writ of venire," &c., &c.

The law plainly provides that grand jurors shall be drawn and summoned in the same manner as jurors for trial, and, when drawn at the same time, the persons whose names are first drawn to the number required shall be returned as grand jurors, and those afterwards drawn, to the number required, shall be jurors for trial. The jurors, grand and petit, form a class, drawn and summoned in the same manner, and we do not see why the same immunity from objection at a particular stage of the case should not apply to one as well as to the other. It was held in the case of the *State* v. *Blackledge* (7 *Rich.*, 327), upon general principles, that "An objection that one of the grand jurors, who found the bill, was not qualified to act as a juror, comes too late after arraignment, trial, and verdict." In that case, as to objections

to the grand jury which found the bill, the court say: "The prisoner is entitled to a copy of the indictment, as well as a list of the array who may be called to pass upon his trial, three days before it. He has, therefore, the means of information, and must take the consequences of an omission to avail himself thereof. The proper time, therefore, to urge an objection of the kind in question, must be when called to plead to the indictment. By special plea or other suggestion to the court, before proceeding to trial, such objection would assuredly secure consideration. Cases in the English books, bearing on this point, may be found, though of rather rare occurrence"—citing authorities.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.