## 11588

### STATE v. WOOD

#### (125 S. E., 566)

CRIMINAL LAW—IRREGULARITIES IN DRAWING OF JURY HELD NOT GROUND FOR NEW TRIAL IN ABSENCE OF SHOWING OF LACK OF KNOWLEDGE BEFORE TRIAL OR OF PREJUDICE.—Irregularities in directing jury commissioners to draw, as extra jurors, jurors living more than five miles from courthouse, and in directing commissioners to draw extra venire from general jury box, *held* not ground for new trial, in absence of showing that defendant did not have knowledge thereof before the trial, that he exhausted challenges, or that he was prejudiced on account of irregularities.

Before FEATHERSTONE, J., Barnwell, December, 1923. Affirmed.

Jobe Wood was convicted of manslaughter and appeals.

*Messrs. Brown & Bush,* for appellant, cite: *Drawing jurors:* 1 Code, 1922, Sec. 549, 550, 558; 11 S. C., 195; 65 S. E., 270; 109 U. S., 65; 41 S. E., 778.

*Mr. R. L. Gunter, Solicitor,* for the State, cites: *Objection to jury must be made before they are drawn:* 8 S. C., 237; 82 S. C., 341.

October 28, 1924.

The opinion of the Court was delivered by MR. JUSTICE FRASER. ·

The following is the entire record in this case:

"At the December term, 1923, of the Court of General Sessions for Barnwell County, the defendant, Jobe Wood, was tried under an indictment charging him with murder. Preliminary to the trial of this case, on account of the absence and discharge of a large number of jurors regularly summoned to serve upon the Court, it was necessary

NOTE: The question as to whether irregularities in drawing of jury is grounds for new trial, is discussed in notes in 18 L. R. A., 476; 39 L. R. A. (N. S.), 967.

to draw extra jurors. The Court thereupon passed an order directing the Jury Commissioners to draw an extra *venire* from the tales box. This drawing was done and exhausted the names in the five-mile or tales box. It was found that additional jurors were yet necessary in order to have a sufficient number in attendance upon the Court. Thereupon the Court passed an order directing the jury commissioners to draw the names of 15 additional jurors from the tales box. The Clerk of the Court, being one of the Jury Commissioners, reported to the Court that the names of jurors in the tales box had been exhausted. The Court thereupon directed the Jury Commissioners to draw the names of 15 extra jurors from the regular jury box, which contained the names of jurors from the County at large. Acting upon said orders, the Jury Commissioners drew from the regular jury box about 15 names of jurors, and they were summoned to attend as jurors upon the Court. The greater number of the said 15 extra jurors so drawn from the general jury box lived without a radius of five miles from the Court House. The names of these extra jurors so drawn were added to the list of those jurors regularly drawn and in attendance upon the Court. The case was thereupon ordered to trial. A number of these extra jurors last drawn and summoned who lived more than five miles distant from the Court House, and who came from the County at large, were presented to the defendant, and he exercised several of his peremptory (six) challenges to said jurors, nevertheless several of said extra jurors did actually sit upon the jury which tried the case. The defendant was tried and convicted of manslaughter and was thereupon sentenced by the Court to serve five years upon the public works of Barnwell County or for a like period in the State penitentiary.

"A motion for a new trial was made and refused.

"Notice of intention to appeal was duly given."

EXCEPTIONS

"(1) That his Honor, the presiding Judge, erred in directing the Jury Commissioners to draw, as extra jurors, jurors who lived without a radious of five miles from the Court House.

"(3) That his Honor, the presiding Judge, erred in re-recting the Jury Commissioners to draw an extra *venire* from the general jury box. '

"(3) That his Honor, the persiding Judge, erred in refusing a motion for a new trial on the grounds that the jury which tried and convicted the defendant was an illegal jury, and that its verdict was, therefore, void.'

There is no showing that the appellant did not know before trial the facts upon which he based his appeal. There is no showing that the appellant exhausted his challenges or any prejudice on account of the irregularities complained of. In the case of *State v. Smalls,* 73 S. C., 518, 519; 53 S. E., 976, 977, we find:

"It is next earnestly insisted that there was such illegality in the drawing of the grand jurors by whom the bill was found and of the petit jurors by whom the defendants were convicted, that the whole trial was a nullity. Under Section 39, of the Criminal Code, 'the persons whose names are first drawn, to the number required, shall be returned as grand jurors, and those afterwards drawn, to the number required, shall be jurors for trials.' It appears from the affidavit of the Jury Commissioner, that instead of following the statutory method, they assigned to the grand jury as their names were drawn those persons whom they regarded best qualified for grand jury duties, leaving the others drawn for the petit jury. As expressed in the affidavit, 'the whole thirty-six as drawn were not assigned to the petit jury, nor were the whole twelve as drawn assigned to the grand jury, but as the grand and petit jurors were drawn together the assignments to the one or the other *venires* were

made, assigning as aforesaid, as we saw it, the best business men to the grand jury.'

"It does not appear this irregularity was not known to defendants before the trial, and yet no objection was then made that the bill was not found by a legal grand jury or that the petit jurors were not legally drawn; on the contrary, the objection is made for the first time in this Court. Section 2947, of the Code, 1902, provides: 'No irregularity of any writ of *venire facies,* or in the drawing, summoning, returning or impaneling of jurors shall be sufficient to set aside the verdict, unless the party making the objection was injured by the irregularity, or unless the objection was made before the returning of the verdict.' This applies to grand as well as petit jurors. *State v. Jeffcoat,* 26 S. C., 114; 1 S. E., 440. There is no substantive evidence that the defendants were injured by the irregularity.

"We do not think the method of drawing the jury was, as defendant's counsel contends, more than an irregularity and such a fatal defect as to leave the Court without jurisdiction to try the defendants. There is no allegation or proof that those who composed the juries were not *probi et legales homines,* that is, good and lawful men competent to act as jurors, and statutes which prescribe the time and manner of selecting jurors are usually regarded as directory."

The exceptions are overruled, and the judgment appealed from is affirmed.

Messrs. Justices Watts, Cothran and Marion concur.

Mr. Chief Justice Gary did not participate.