17912

The STATE, Appellant, v. Wilson JACKSON, Respondent

(125 S. E. (2d) 474)

*John K. Grisso, Esq.,* of Anderson, *for Appellant,*

*G. Ross Anderson, Jr., Esq.,* of Anderson, *for Respondent,*

May 11, 1962.

BRAILSFORD, Justice.

The respondent, Wilson Jackson, was indicted for murder by the grand jury for Anderson County at the Febru-

ary, 1962 term of the court. He moved to quash the indictment, upon the ground that the jury commissioners had not complied with Section 38-52, Code of 1952, in making up the jury list, from which the grand jury had been drawn. The presiding judge, Hon. James Hugh McFaddin, found from the evidence that there were some 15,000 male electors, between the ages of 21 and 65 years, duly registered in Anderson County in December of 1961, when the jury list was prepared. Of these, only 2731 were placed on the jury list and in the jury box. The court construed the statute to require that "two from every three of such electors" be included, and found the list to be so "woefully deficient" as to require that the motion to quash be granted. Since the motion was, with the assent of counsel, considered as a challenge to the array, the grand jury was discharged as illegally constituted, and the jury commissioners were ordered to prepare a jury list and ballots which would conform to Sec. 38-52 and other applicable sections of the Code.

The State has appealed on exceptions which challenge, primarily, the court's interpretation of Sec. 38-52, which we quote:

"The jury commissioners of each county shall, in the month of December of each year, prepare from the official enrollment books of qualified electors a list of such male electors of their county, qualified under the provisions of the Constitution, between the ages of twenty-one and sixty-five years and of good moral character as they may deem otherwise well qualified to serve as jurors, being persons of sound judgment and free from all legal exceptions. Such list shall include not less than two from every three of such electors qualified under the provisions of the Constitution, between the ages of twenty-one and sixty-five years and of good moral character, to be selected without regard to whether such persons live within five miles or more than five miles from the courthouse."

The first exception charges the trial judge with error in holding that this section requires the jury commissioners to

place on the jury list not less than two from every three male electors, qualified for jury service under the provisions of the Constitution, between the ages of 21 and 65 years and of good moral character. It is appellant's contention that the two from three requirements does not impinge upon the discretion vested in the commissioners to reject any elector who, in their judgment, is not of sound judgment and well qualified to serve as a juror.

The clerk of court, who was sworn as a witness, testified, generally, that in making up the jury list, he and the other jury commissioners had complied with the law to the best of their ability. However, when asked specifically why so few names had been placed on the list, he assigned two reasons. First, the jury box, which "was made back in the W.P.A. days, somewhere in the thirties," was not large enough to accommodate "that many capsules;" and, second, that there were not enough capsules available of the type in use in Anderson County. This is the only testimony on the point. It refutes any inference that the abbreviated list resulted from the exercise by the commissioners of discretion conferred upon them by the statute. Therefore, this exception might well be overruled upon the ground that the error assigned was immaterial under the facts proved.

However, the question of construction has been earnestly argued and will be disposed of. We agree with the trial judge that the numerical requirement imposed in the second sentence of the above quoted code section was intended by the legislature as a partial limitation on the discretion conferred upon the jury commission by the first sentence. This is the plain meaning of the statutory language.

A broad discretion to reject any eligible elector, deemed by it to be unsuitable for jury service, is vested in the jury commission by the language of the first sentence. Standing alone, this provision would give the commission the untrammeled authority to determine the composition of the jury list, both as to number and persons selected. However, the stat-

ute further directs that not less than two from every three electors, who are qualified under the Constitution, shall be placed on the jury list, thus limiting the commission's discretion to reject on the general ground to one from every three. While the commission must yet exercise judgment as to which electors possess the constitutional qualification of good moral character, this provision is an important modification of the unlimited discretion conferred upon it by the first sentence of the section. A reasonably well implemented, *bona fide* endeavor to include not less than two from every three electors, who possess the constitutional qualifications for jury service, is required.

Passing the second exception for consideration with the fourth, the third exception assigns error in quashing the indictment for failure of the jury commissioners to comply with the act, in that, "since the provisions were directory only a jury drawn from a list prepared in a good faith attempt to comply with said provisions is valid."

This exception must be overruled because its premise is contrary to the evidence, which shows that this important provision of the act was simply disregarded by the officials charged with its execution, for reasons wholly insufficient in law. This resulted in an unlawful jury list, which was subject to timely challenge, and which the court was authorized to order corrected, either under the common law, 50 C. J. S. Juries § 163, or under the broad provisions of applicable statutes. *State v. Wells,* 162 S. C. 509, 161 S. E. 177; 1952 Code Sections 38-57, and 38-69.

The second and fourth exceptions challenge the sufficiency of the evidence to sustain the finding that the jury commissioners did not comply with the statute in the preparation of the jury list.

This exception is based upon the fact that no actual count of the number of male electors, between the ages of 21 and 65 years was made. The chairman of the registration board

·testified that at the last official count (made before the 1960 primary) there were 27,571 registered electors in Anderson ·County. He stated that by December of 1961 this figure had increased by one or two thousand. He testified that approximately 60% of the registered electors were males, of whom, in December, 1961, some 15,000 were between the ages of 21 and 65 years. He further testified that the registration records reflected the sex and age of each elector. Although not formally introduced, these records were declared in evidence by the court and were available to counsel. The court was in recess for ·some four days after the testimony was taken and before arguments on the motion were completed.

While we agree that the burden was on respondent to prove the facts on which his motion was based, we conclude that the court was justified in accepting the estimate of the witness as to what the records in evidence reflected. Counsel had full opportunity to expose any · material inaccuracy, and made no attempt to do so, either in the court below or in the preparation of the transcript for appeal.

We quote the last of appellant's five exceptions:

"It is submitted that His Honor committed error in quashing the indictment, dissolving the Grand Jury and directing the Jury Commissioners to prepare a new jury list, ballots and boxes, the error being that there was no evidence that the Grand Jury or any member thereof which passed upon the indictment was not qualified to serve as such under the Constitution and statutory laws of this state ·or under the Constitution of the United States."

In the court below and here, counsel for appellant expressly recognized that respondent's motion was a challenge to the ·array for illegality in the composition of the jury list. Such a challenge, as distinguished from a challenge to the polls, does not relate to the individual ·qualifications of members of the panel or jury. 31 Am. Jur.,

Jury, Section 102, *et seq.;* 50 C. J. S., Juries § 262. Therefore, the error assigned by this exception is without merit.

For the reasons stated, all exceptions are overruled and the order appealed from is affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.