18062

Karleton Ray LOLLIS, Billy Joe Lark, James Robert Sexton and Harrison Sexton, Respondents, v. W. M. MANNING, Ellis C. MacDougall, Director Board of Corrections, State of South Carolina, Officers of The South Carolina Penitentiary, and Sheriff W. J. Erskine, Sheriff of Anderson County, Appellants.

(130 S. E. (2d) 847)

Messrs. *Daniel R. McLeod,* Attorney General, *J. C. Coleman,* and *Clarence T. Goolsby, Jr.,* Assistant Attorneys General, of Columbia, *and John K. Grisso,* Solicitor, of Anderson, *for Appellant,*

Messrs. *William P. Donelan, Jr.,* and *G. Raymond McElveen, Jr.,* of Columbia, *for Respondents,*

April 26, 1963.

LEWIS, Justice.

The respondents Karleton Ray Lollis, Billy Joe Lark, James Robert Sexton, and Harrison Sexton were jointly indicted by the grand jury of Anderson County, South Carolina, on February 5, 1962, for the crimes of housebreaking, larceny and receiving stolen goods. On the same day, they entered pleas of guilty to housebreaking and larceny

and were each sentenced to serve four (4) years. A few days thereafter and at the same term of court, one Wilson Jackson, who had been indicted for murder by the same grand jury that indicted the respondents, moved to have the indictment against him quashed and the grand jury discharged upon the ground that the jury commissioners had failed to comply with the provisions of Section 38-52 of the 1962 Code of Laws of South Carolina in that the grand jury was drawn from a list which did not contain the requisite number of electors of the county. The presiding judge granted the motion of Jackson to quash the indictment against him and discharged the grand jury as illegally constituted. This ruling by the presiding judge was affirmed upon appeal to this Court. *State v. Jackson,* 240 S. C. 238, 125 S. E. (2d) 474.

On May 17, 1962, after the decision of this Court in the *Jackson case* and apparently relying thereon, a petition for a writ of habeas corpus was filed in the circuit court by the respondent Lollis, and later joined in by the other respondents, seeking their release from custody upon the ground that the grand jury which indicted them had been illegally drawn and, therefore, the trial court was without jurisdiction to accept their pleas of guilty and impose sentence.

The lower court sustained the contention of the respondents and granted their petition for a writ of habeas corpus. This appeal is by the State from such ruling.

The fact that the grand jury which indicted the respondents was illegally drawn and subject to discharge upon timely objection was decided in the *Jackson case.* There, timely objection was made by the defendant. In the instant case, the first objection made by the respondents to the legality of the grand jury was in their petition for a writ of habeas corpus, approximately three months after the entry of their pleas of guilty and imposition of sentence by the court. It is undisputed that the respondents failed to make timely objection to the illegality of the grand jury which indicted them.

The issues to be decided in this appeal arise from the respective contentions of the parties as to the nature of the defect in the grand jury and whether it was waived by the respondents by their failure to make timely objection thereto. The State argues that the defect in the grand jury, considered in the *Jackson case,* was an irregularity which was waived by the respondents by their pleas of guilty without making timely objection. The respondents take the position, on the other hand, that the defect was jurisdictional and not waived by their entry of guilty pleas to the indictment.

Section 38-214 of the 1962 Code of Laws of South Carolina provides that no irregularity in the drawing, summoning, returning or empanelling of jurors shall be sufficient to set aside a verdict, unless the party making the objection was injured by the irregularity or unless the objection was made before the returning of the verdict. This section applies to both grand and petit jurors. *State v. Wood,* 130 S. C. 88, 125 S. E. 566; *State v. Jeffcoat,* 26 S. C. 114, 1 S. E. 440.

It is properly conceded by the parties that, if the defect in the grand jury was such as to deprive the court of jurisdiction to accept the pleas of respondents and to impose sentence upon them, their failure to make timely objection to the defect was not a waiver thereof. Also, it is well settled that, if the defect involved constituted an irregularity, a plea to the indictment and failure to make a timely objection would ordinarily constitute a waiver of such defect. *State v. Hann,* 196 S. C. 211, 12 S. E. (2d) 720.

The difference between a jurisdictional defect which renders an indictment by a grand jury a nullity and an irregularity in the venire, or in the drawing, summoning or empanelling of grand jurors lies in the "distinction between want of power and a defective exercise of power," that is, "between what is absolutely void and what is merely irregular." *State v. Edwards,* 68 S. C. 318, 47 S.

E. 395. In the *Edwards case,* the rule governing the determination of those defects which constitute irregularities in the construction or organization of a grand jury is stated as follows:

. "The correct rule is thus stated in *Ex parte Wilson,* 140 U. S. 575, 11 Sup. Ct. 870, 35 L. Ed. 513, declaring the effect of the decision in *U. S. v. Gale,* 109 U. S. 65, 3 Sup. Ct. 1, 27 L. Ed. 857: 'A defect in the construction or organization of a grand jury which does not prevent the presence of twelve competent jurors, by whose votes the indictment is found, and which could have been cured if the attention of the court had been called to it at the time, or promptly remedied by the empaneling of a competent grand jury, is waived, if the defendant treats the indictment as sufficient, pleads "Not guilty," and goes to trial on the merits of the charge.' "

In the light of the foregoing principles, we examine the nature of the defect considered in *State v. Jackson, supra,* and found to exist in the grand jury which indicted the respondents.

The objection to the grand jury in the instant case was not to the disqualification of jurors who served, but to the exclusion from the list, from which they were drawn, of other qualified persons. There is no showing that the members of the jury which indicted the respondents were disqualified in any respect to serve as grand jurors. The defect found to exist in the *Jackson case* was not that the jurors who served were incompetent or disqualified, but that the jury commission failed to follow the directory provisions of Section 38-52 in the drawing of the jury.

We, therefore, held in the *Jackson case* that the failure to include upon the list, from which the grand jury was drawn, the required number of electors "resulted in an unlawful jury list, which was subject to timely challenge, and which the court was authorized to order corrected, either under the common law, 50 C. J. S. Juries § 163, or under

the broad provisions of applicable statutes. *State v. Wells,* 162 S. C. 509, 161 S. E. 177; 1952 Code Sections 38-57, and 38-69."

We do not think that the defect in the grand jury in this case amounted to more than an irregularity in the selection of the jurors. It was not such a fatal defect as to leave the court without jurisdiction to accept respondents' pleas of guilty and to impose sentence upon them. In the case of *State v. Wells, supra,* the same defect was considered and held to be an irregularity in the drawing of the jury.

Since the defect, here complained of, amounted to only an irregularity in the selection and drawing of the grand jury, for such irregularity to constitute sufficient grounds to set aside the pleas of guilty entered by respondents it must be shown that respondents were either (1) injured by the irregularity or (2) objected thereto before a verdict was returned or their pleas of guilty entered. Section 38-214, supra, 1962 Code of Laws. It is undisputed that respondents failed to object to such irregularity before they entered their pleas of guilty, and there is a total absence of any showing of prejudice or injury to them by the irregularity. The respondents do not contend that they are not guilty of the charges to which they entered their pleas, or that their guilty pleas were induced by any consideration other than their guilt.

The judgment of the lower court is accordingly reversed.

Reversed.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.